```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINE KEANE, individually and as principal of KEEN VISION GROUP CO., KEEN VISION PROPERTIES, LLC, GLOBAL PRODUCTIVE BUSINESS, INC., and SFNY GROUP, INC.; KEEN VISION GROUP CO.; KEEN VISION PROPERTIES, LLC; GLOBAL PRODUCTIVE BUSINESS, INC.; and SFNY GROUP, INC.,

                      Plaintiffs,

-against-

CYNTHIA BANKS and 982 SW 159 DR LLC,

                      Defendants.

25 Civ. 5104 (AT)

**ORDER**

ANALISA TORRES, District Judge:

        On April 23, 2025, Plaintiffs filed this suit in Supreme Court, New York County, Compl., ECF No. 1-1, and on June 17, Defendant Cynthia Banks removed the action to this Court, ECF No. 1. In her notice of removal, Banks asserts that, although the named Plaintiffs are not completely diverse from the named Defendants, diversity jurisdiction lies because the non-diverse parties are nominal parties included by Plaintiff Antoine Keane solely for the purpose of defeating diversity jurisdiction. *See* ECF No. 1 ¶¶ 14–15. According to Banks, Keane, a citizen of New York, and Banks, a citizen of Florida, are the only real parties to this dispute. Compl. ¶¶ 1, 6; ECF No. 1 ¶¶ 8, 13, 15.

        Having reviewed the complaint, the Court has reason to believe that the parties that would otherwise defeat diversity jurisdiction—Plaintiff Keen Vision Group Co. and Defendant 982 SW 159 DR LLC[1]—are nominal parties "that have no personal stake in the outcome of the litigation and who are not necessary to an ultimate resolution." *Johnson v. County of Suffolk*, 280 F. Supp. 3d 356, 362 (E.D.N.Y. 2017) (citation omitted). If this is the case, the Court must disregard their presence when determining whether diversity of citizenship exists. *Zerafa v. Montefiore Hosp. Housing Co., Inc.*, 403 F. Supp. 2d 320, 325 (S.D.N.Y. 2005).

---

[1] Banks apparently believes that the inclusion of Plaintiff Keen Vision Properties, LLC ("Vision Properties") as a real party in this action would defeat diversity jurisdiction because Vision Properties is organized under Florida law. *See* ECF No. 1 ¶¶ 7, 14. However, according to the Complaint, Vision Properties is a limited liability company with only one member—Keane—so it takes Keane's New York citizenship. *See* Compl. ¶ 3; *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt.*, 692 F.3d 42, 49 (2d Cir. 2012) (noting that "a limited liability company . . . takes the citizenship of each of its members").

Accordingly, by **July 11, 2025**, Plaintiffs shall file a letter brief laying out their position as to whether subject matter jurisdiction lies. By **July 18, 2025**, Banks shall file her response.

SO ORDERED.

Dated: June 24, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge