UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINE KEANE, individually and as
principal of KEEN VISION GROUP CO., KEEN
VISION PROPERTIES, LLC, GLOBAL
PRODUCTIVE BUSINESS, INC., and SFNY
GROUP, INC.; KEEN VISION GROUP CO.;
KEEN VISION PROPERTIES, LLC; GLOBAL
PRODUCTIVE BUSINESS, INC.; and SFNY
GROUP, INC.,

                              Plaintiffs,

              -against-

CYNTHIA BANKS and 982 SW 159 DR LLC,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/27/2026_

25 Civ. 5104 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 23, 2025, Plaintiffs—Antoine Keane (individually and as principal of Keen

Vision Group Co., Keen Vision Properties, LLC, Global Productive Business, Inc., SFNY

Group, Inc.), Keen Vision Group Co., Keen Vision Properties, LLC, Global Productive Business,

Inc., and SFNY Group, Inc.—filed this action in Supreme Court, New York County, against

Defendants, Cynthia Banks and 982 SW 159TH DR LLC ("982 SW"), bringing claims under

New York state law related to a dispute concerning the ownership and management of 982 SW, a

Florida limited liability company. *See generally* Compl., ECF No. 1-1. On June 17, 2025,

Defendant Cynthia Banks removed the action to this Court on the basis of diversity jurisdiction

under 28 U.S.C. § 1332. *See* Notice of Removal ("NOR"), ECF No. 1; 28 U.S.C. § 1441(a).

Before the Court is Plaintiffs' motion to remand this action for lack of subject matter jurisdiction.

*See* Mot., ECF No. 9; Mem., ECF No. 11; *see also* Opp., ECF No. 16. For the reasons stated

below, the motion is granted.

**LEGAL STANDARD**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over cases between citizens of different states when the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where removal is based on diversity jurisdiction, there must be complete diversity both at the time of removal and at the time the state court complaint was filed. *See United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "On a motion to remand, the burden of showing complete diversity falls on the party seeking to sustain the removal, not the party seeking remand." *Derrica v. Tura, Inc.*, No. 21 Civ. 8820, 2022 WL 1421452, at *1 (S.D.N.Y. May 5, 2022) (internal quotation marks and citation omitted); *see also Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011).

**DISCUSSION**

I.    <u>Citizenship of 982 SW</u>

The resolution of this motion turns on the citizenship of 982 SW and whether its citizenship should be considered for the purposes of establishing complete diversity. All Plaintiffs are citizens of California, New York, or both, and Defendant Banks is a citizen of Florida. *See* Pl. Rule 7.1 Disclosure Statement ¶¶ 1–7, ECF No. 8; Keane Aff. ¶¶ 6–8, ECF No. 10. 982 SW is a limited liability company, *see* Compl. ¶ 7, and, therefore, has the citizenship of all of its members, *see Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Plaintiffs allege, and Banks does not dispute, that 982 SW is a citizen of both New York and Florida because Plaintiff Keane, a citizen of New York, is a 75% member of the company and Defendant Banks, a citizen of Florida, is a 25% member of the company. *See* Compl. ¶¶ 1, 6–7; NOR ¶¶ 3–4; Opp.

at 1.  Banks argues, however, that 982 SW is a nominal defendant in this action and should be disregarded for purposes of diversity.  *See* NOR ¶¶ 8, 15, 17; Opp. at 7–9.  Plaintiffs contend that 982 SW is not a nominal defendant because it is central to the parties' dispute, and Plaintiffs seek a declaratory judgment that would define the ownership interests and management rights within the LLC.  *See* Mem. at 6–7.

A. Legal Standard for Nominal Parties

The Court disregards the citizenship of nominal parties for the purposes of diversity jurisdiction.  *Lewis Morris Assocs. v. Admiral Ins. Co.*, No. 04 Civ. 1757, 2004 WL 1065522, at *1 (S.D.N.Y. May 11, 2004) ("[I]f they are nominal parties, their citizenship need not be diverse from plaintiff's citizenship, because federal courts disregard the citizenship of nominal parties in assessing whether complete diversity exists for purposes of 28 U.S.C. § 1332(a)(1).").  "Nominal parties are those that have no personal stake in the outcome of the litigation and who are not necessary to an ultimate resolution."  *Johnson v. County of Suffolk*, 280 F. Supp. 3d 356, 362 (E.D.N.Y. 2017) (citation and quotation marks omitted).

The Court analyzes whether a party is nominal under essentially the same legal standard as whether a party is fraudulently joined.  *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 389 (S.D.N.Y. 2006).  Therefore, the removing party "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court."  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (citation omitted).  "The standard is not whether the claim would likely survive a motion to dismiss, but whether there is any reasonable possibility that the

state court would allow it to proceed," based "primarily" on the pleadings.  *Segal v. Firtash*, No. 13 Civ. 7818, 2014 WL 4470426, at *3 (S.D.N.Y. Sep. 9, 2014) (citation omitted).

B. Analysis

Here, Defendant Banks has failed to show that 982 SW's presence in this action is nominal.  Because Plaintiffs are seeking a declaratory judgment that Keane owns 75% of the Company, and, therefore, is the manager of 982 SW, the Court is not persuaded that 982 SW has no interest in the outcome of this litigation.  *See* Compl. ¶ 21; *Lis v. Lancaster*, No. 19 Civ. 1414, 2019 WL 2117644, at *3 (S.D.N.Y. Apr. 25, 2019) (holding that because the "plaintiff seeks a declaratory judgment that he owns 50% of" the company, the "Court cannot agree" that the company has no interest in who owns it "especially since, again, defendants bear the burden of proving that New York law would not recognize [the company's] interest in this case."). Additionally, even though both members of 982 SW are individual parties to this litigation, and even though one of the parties' interests might be aligned with the interests of 982 SW, a limited liability company "is a separate legal entity with rights and obligations distinct from those of its members; [a c]ourt cannot presume its interests are not also distinct from those of its members." *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008).

Banks has also failed to show that 982 SW was joined fraudulently.  Banks contends that Plaintiffs joined 982 SW as "an improper defendant to defeat diversity jurisdiction," because the dispute is only between Banks and Keane regarding their ownership interest in 982 SW.  NOR ¶ 8, 18.  Although Banks claims that Keane previously "defrauded" her in their dealings concerning their respective ownership interests, *see* NOR ¶¶ 3, 5, 16; Opp. at 3–4, Banks does not argue or put forth evidence demonstrating that the joinder of 982 SW in this action was fraudulent.  Neither does Banks adduce evidence that, based on the allegations in the complaint,

there is no reasonable possibility that a New York state court would allow the action to proceed against 982 SW.  In her opposition, Banks cites *Mortenson Family Dental Center, Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 508 (6th Cir. 2013), arguing that although "not binding authority," its analysis, based on similar facts as this case, should persuade the Court. *See, e.g.*, Opp. at 2–3, 8–10; *see also Mortenson*, 526 F. App'x at 508–09 (holding that an LLC was a nominal party in a suit removed from Kentucky state court, which sought declaratory judgment regarding management interests in the LLC).  Because Banks does not explain why *Mortenson* should be persuasive regarding whether Plaintiffs' claims against 982 SW would be able to proceed in New York state court, and because 982 SW may have an interest in the outcome of this litigation regarding its ownership, Banks has not met her burden of demonstrating by clear and convincing evidence that New York law would not recognize 982 SW's interest in this action and allow the action to proceed.[1]

Because 982 SW is not a nominal defendant, complete diversity does not exist among the parties.  The Court, therefore, lacks subject matter jurisdiction over this action.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.  Because the Court remands this action, it declines to rule on Bank's pending motion to transfer venue.

---

[1] Plaintiffs request attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  *See* Mem. at 8.  Although Banks has not met her burden to show that 982 SW was joined fraudulently and an award of attorney's fees is "discretionary in the first instance," *Morgan Guar. Tr. Co. v. Republic of Palau*, 971 F.2d 917, 923–24 (2d Cir. 1992), "[a]bsent unusual circumstances," the Court may only award such fees "where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court is not persuaded that Bank's removal was objectively unreasonable.  Even though Banks knew 982 SW's citizenship would defeat diversity, the basis of her removal was that its citizenship should be disregarded for the purposes of diversity jurisdiction.  Plaintiffs' request is, therefore, denied.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 9 and

REMAND this case to the Supreme Court of New York County.


SO ORDERED.

Dated: March 27, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge